**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MORAVIA MOTORCYCLE, INC., THOMAS MCKINNEY and DEBORAH MCKINNEY, Plaintiff, | ) ) ) ) | |
| vs | ) ) | Civil Action No. 21-1274 |
| | ) | Magistrate Judge Dodge |
| ALLSTATE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiffs Moravia Motorcycle, Inc. and Thomas and Deborah McKinney bring this action against Defendant Allstate Insurance Company ("Allstate"), in which they seek benefits under an insurance policy for damage to their motor home. In addition to a breach of contract claim (Count II), Plaintiffs have also alleged claims of negligence (Count I), bad faith in violation of 42 Pa. C.S. § 8371 (Count III) and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 ("UTPCPL") (Count IV).

Pending before the Court is Allstate's partial motion to dismiss in which it seeks dismissal of Plaintiffs' claims of negligence, bad faith and violation of the UTPCPL. For the reasons that follow, Allstate's motion will be granted without prejudice with respect to Counts I and III and granted with prejudice as to Count IV.

### I. Relevant Procedural History

Plaintiffs commenced this action in July 2021 in the Court of Common Pleas of Lawrence County, Pennsylvania. Allstate subsequently removed the action to this Court on the basis of diversity jurisdiction and filed a partial motion to dismiss (ECF No. 3), which has been fully briefed (ECF Nos. 4, 12, 14). The parties have consented to full jurisdiction before a United

States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 8, 9.)

## II.   <u>Relevant Factual Background</u>

Plaintiffs own a 2008 Coachman motor home which they insured with Allstate. They parked their motor home on property they owned in Chesterfield, South Carolina and winterized it as instructed by the owner's manual. During the month of April 2020, multiple storms passed through the area, causing a tree branch to fall on top of the motor home, which damaged its roof and seal. Because of the damage to the seal, rainwater and other moisture was able to penetrate the motor home, causing severe damage to the interior and Plaintiffs' property located inside. (Compl. ¶¶ 5-9.)[1]

Plaintiffs allege that they were advised that the policy would provide coverage for this kind of loss. After they notified Allstate about the damage, Allstate refused to provide coverage. (*Id.* ¶¶ 12-14.) Plaintiffs seek the policy limits of $100,000, plus damages for bad faith and treble damages under the UTPCPL.

## III.   <u>Analysis</u>

### A.   <u>Standard of Review</u>

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the

---

[1] ECF No. 1 Ex. A.

defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged.

B.  Negligence Claim

In Count I, Plaintiffs allege that Allstate was negligent in misrepresenting the status of the policy, failing to fully advise them of the coverage, failing to train its agents about coverage under the policy and failing to inform its agents as to the proper manner by which policyholders should be advised about the scope and extent of insurance coverage. Allstate seeks dismissal of this claim under the gist of the action doctrine.

"A federal court sitting in diversity must apply state substantive law and federal procedural law." *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citation omitted). The parties do not dispute that Plaintiffs' claims must be analyzed under Pennsylvania law.

In *Bruno v. Erie Ins. Co.*, 106 A.3d 48 (Pa. 2014), the plaintiff homeowners sued their insurer, Erie Insurance Co., after its adjuster and engineer came to their home to investigate mold that plaintiffs found in their basement and told them that the mold was harmless, had no health consequences and that they should continue to tear out the paneling in their basement. Plaintiffs followed this advice but suffered health problems from mold exposure and eventually the house became uninhabitable. Erie paid plaintiffs $5,000 that was owed under the insurance policy for

3

testing and attempted remediation of the mold. The plaintiffs then brought an action against Erie

for negligence regarding the assurances made by Erie. Erie asserted that their negligence claim

was barred by the gist of the action doctrine.

As noted by the Pennsylvania Supreme Court in *Bruno:*

> The general governing principle which can be derived from our prior cases
> is that our Court has consistently regarded the nature of the duty alleged to have
> been breached, as established by the underlying averments supporting the claim in
> a plaintiff's complaint, to be the critical determinative factor in determining
> whether the claim is truly one in tort, or for breach of contract. In this regard, the
> substance of the allegations comprising a claim in a plaintiff's complaint are of
> paramount importance, and, thus, the mere labeling by the plaintiff of a claim as
> being in tort, e.g., for negligence, is not controlling. If the facts of a particular
> claim establish that the duty breached is one created by the parties by the terms of
> their contract—i.e., a specific promise to do something that a party would not
> ordinarily have been obligated to do but for the existence of the contract—then
> the claim is to be viewed as one for breach of contract. If, however, the facts
> establish that the claim involves the defendant's violation of a broader social duty
> owed to all individuals, which is imposed by the law of torts and, hence, exists
> regardless of the contract, then it must be regarded as a tort.

106 A.3d at 68 (footnotes and citations omitted).

As the *Bruno* court observed, "the mere existence of a contract between two parties does

not, *ipso facto*, classify a claim by a contracting party for injury or loss suffered as the result of

actions of the other party in performing the contract as one for breach of contract." *Id.* at 69.

Finding that plaintiffs were not limited to a breach of contract claim, the Pennsylvania Supreme

Court held that while Erie had contractual obligations under its policy, the plaintiffs allegations

were not that it failed to perform these duties, but rather, it acted in a negligent manner during

the course of fulfilling these duties by making false assurances and certain recommendations

upon which plaintiffs relied. "Consequently, these allegations of negligence facially concern

Erie's alleged breach of a general social duty, not a breach of any duty created by the insurance

policy itself." *Id.* at 71.

4

Here, Allstate argues that its only duties to Plaintiffs, and their corresponding entitlement to benefits, were created by the policy, not by the larger social policies embodied in the law of torts. It contends that in the absence of any insurance policy, there would be no relationship between the parties and, therefore, no duty to pay benefits. Allstate distinguishes *Bruno,* on which Plaintiffs rely, because Plaintiffs essentially allege that Allstate negligently handled their claim and negligently trained its employees, all duties that arose under the insurance contract.

Plaintiffs contend that Allstate owed them a duty to inspect the motor home in a workmanlike manner and that Allstate's failure to do so led to additional damages (electrical issues, decay of the interior walls and mold) and the complete loss of the motor home. *See Bruno*, 106 A.3d at 63 ("actions arising 'directly' from an alleged breach of a contractual duty [are] to be regarded as being in contract; whereas, those actions based on an alleged breach of a contracting party's separate 'collateral' duty to perform a contractual obligation with skill and diligence [are] to be considered as being in tort"). As Allstate notes, however, these allegations are not in the Complaint and Plaintiffs provide no basis for the contention that it owed them a duty to inspect the motor home in a workmanlike manner.

The Court agrees that as pleaded, Plaintiffs' negligence claim is barred by the gist of the action doctrine.

Plaintiffs have requested leave to amend their negligence claim. A request to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Allstate has not demonstrated, nor can the Court conclude, that it would be futile to allow Plaintiffs to amend their negligence claim. Therefore, with respect to Count I, the motion to dismiss will be granted without prejudice and with leave to amend.

5

C.  Bad Faith Claim

In Count III, Plaintiffs allege that Allstate engaged in bad faith conduct in violation of 42 Pa. C.S. § 8371. Allstate argues that merely alleging that an insurer wrongfully denied benefits is insufficient to state a bad faith claim. The Court agrees.

Pennsylvania's bad faith statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371. A bad faith claim is distinct from the underlying contractual insurance claim from which the dispute arose. *Nealy v. State Farm Mut. Auto. Ins. Co.*, 695 A.2d 790, 792 (Pa. Super. 1997), *appeal denied*, 717 A.2d 1028 (Pa. 1998).

As noted by the Pennsylvania Superior Court:

> To prove bad faith, a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim. *Terletsky v. Prudential Property and Casualty Insurance Company*, 437 Pa. Super. 108, 649 A.2d, 680, 688 (1999). Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured. *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000).

*Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super.), *appeal denied*, 912 A.2d 838 (Pa. 2006). Mere negligence or bad judgment is not bad faith. *Bonenberger v. Nationwide Mut. Ins. Co.*, 791 A.2d 378, 380 (Pa. Super. 2002).

As Allstate argues, a bad faith claim must "describe the who, what, where, when and how the alleged bad faith conduct occurred." *See Kelley v. State Farm Fire & Cas. Co.*, 2019 WL 2425135, at *2 (E.D. Pa. June 10, 2019); *Blasetti v. Allstate Ins. Co.*, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012); *Liberty Ins. Corp. v. PGT Trucking, Inc.*, 2011 WL 2552531, at *4 (W.D. Pa. June 27, 2011). Plaintiffs have not met this standard. Rather, they merely allege that Allstate failed to review its file appropriately, wrongfully denied payment that it knew was owed, required Plaintiffs to incur costs and legal fees in obtaining what is rightfully theirs, and failed to use due care in handling the claim. (Compl. ¶ 39.)  These allegations are insufficient to support a claim of bad faith.

Plaintiffs have requested leave to amend. As the Court cannot conclude that amendment would be futile, Allstate's motion to dismiss will be granted without prejudice and with leave to amend.

D.  UTPCPL Claim

Plaintiffs allege in Count IV that Allstate's actions violated the UTPCPL. The UTPCPL prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." 73 Pa. C.S. § 201-3. This includes certain categories of conduct identified in § 201-2 as well as "any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding." 73 Pa. C.S. § 201-2(4)(xxi).

Allstate contends that if a cause of action may be asserted under the UTPCPL at all,[2] it must be based on misfeasance, not the mere failure to pay a claim, which is nonfeasance. Plaintiffs counter that they have pleaded misfeasance, specifically, Allstate's failure to conduct a proper inspection of the motor home, which led to additional damages.

"In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL] and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v. Pa. Blue Shield*, 548 A.2d 600, 604 (Pa. Super. 1988)). *See also Gardner v. State Farm Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008).

As this Court recently held, the UTPCPL "applies to conduct surrounding the insurer's pre-formation conduct," while the bad-faith statute applies to "post-contract formation conduct." *Dunleavy v. Mid-Century Ins. Co.*, 460 F. Supp. 3d 602, 612 (W.D. Pa. 2020) (quoting *Neustein v. GEICO*, 2018 WL 6603640 (W.D. Pa. Nov. 29, 2018), *report and recommendation adopted*, 2018 WL 6601876 (W.D. Pa. Dec. 17, 2018)), *aff'd*, 848 F. App'x 528 (3d Cir. 2021). *See also Parisi v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2107774, at *16 (W.D. Pa. May 7, 2018); *Mondron v. State Farm Mut. Auto. Ins. Co.*, 2016 WL 7384183, at *5 (W.D. Pa. Dec. 21, 2016).

Plaintiffs' allegations relate to Allstate's handling of the claim, not the purchase of the policy or other pre-formation conduct. Thus, their proposed amendment which would allege that

---

[2] Allstate's suggestion that the UTPCPL does not provide a private cause of action is based on a series of district court cases that are not controlling and were decided prior to the Third Circuit's decision in *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995), which held that the UTPCPL does provide a private cause of action against an insurer for acts of misfeasance. Accordingly, this argument is unavailing. *See Hampton v. Geico Ins. Co.*, 759 F. Supp. 2d 632, 651 (W.D. Pa. 2010).

Allstate committed misfeasance while inspecting the motor home after the accident would not cure the deficiencies of this claim.

Therefore, Allstate's motion to dismiss Count IV will be granted with prejudice because it would be futile to allow amendment.

**IV.**     **Conclusion**

For the reasons cited above, Defendant's partial motion to dismiss (ECF No. 3) will be granted without prejudice with respect to Counts I and III and granted with prejudice as to Count IV.

An appropriate order will follow.

BY THE COURT:

Dated: March 3, 2022

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge