## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MORAVIA MOTORCYCLE, INC., THOMAS MCKINNEY and DEBORAH MCKINNEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs | ) ) | Civil Action No. 21-1274 |
| ALLSTATE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiffs Moravia Motorcycle, Inc. and Thomas and Deborah McKinney bring this action against Defendant Allstate Insurance Company ("Allstate") in which they seek benefits under an insurance policy issued by Allstate to Moravia Motorcycle for damage to their motor home. In addition to a breach of contract claim, Plaintiffs have also alleged a claim of bad faith in violation of 42 Pa. C.S. § 8371.

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint and Join Additional Party (ECF No. 38), which Allstate opposes (ECF Nos. 37, 40). For the reasons that follow, Plaintiffs' motion will be denied.[1]

### I.    Relevant Procedural History

Plaintiffs commenced this action in July 2021 in the Court of Common Pleas of Lawrence County, Pennsylvania. Allstate subsequently removed the action to this Court on the

---

[1] The parties have consented to full jurisdiction before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 8, 9.)

basis of diversity jurisdiction and filed a partial motion to dismiss the non-contractual claims (ECF No. 3), which was granted in part. Plaintiffs filed an Amended Complaint (ECF No. 17), and Allstate again moved to dismiss the non-contractual claims (ECF No. 18). That motion was also granted in part and denied in part (ECF Nos. 23, 24). As a result, Plaintiffs' claims currently consist of two counts against Allstate: a breach of contract claim and a bad faith claim.

On July 6, 2022, a Case Management Order was entered (ECF No. 31). This order provided that amendment of the pleadings and joinder of parties were due by August 15, 2022 and that discovery would end on December 31, 2022. On August 23, 2022, the parties participated in a mediation which did not result in the resolution of Plaintiffs' claims (ECF No. 32).

Plaintiffs subsequently filed a Motion for Leave to Amend Complaint and Join Additional Party (ECF No. 33). The Court denied their motion without prejudice because Plaintiffs failed to submit a copy of the proposed amended complaint (ECF No. 35).

On September 8, 2022, Plaintiffs filed a second Motion for Leave to Amend Complaint and Join Additional Party which attaches a proposed Second Amended Complaint (ECF No. 38 & Ex. A). The proposed Second Amended Complaint adds Plaintiffs' insurance agent, Chad Gettemy ("Gettemy"), as a defendant and asserts claims against him for professional negligence, breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, constructive fraud and breach of oral contract. The proposed Second Amended Complaint also asserts two additional claims against Allstate for fraudulent concealment and breach of the implied covenant of good faith and fair dealing.

Allstate has filed a brief in opposition to the motion to amend (ECF No. 40), primarily on the ground that adding Gettemy as a defendant would destroy diversity jurisdiction. Allstate also

argues that the proposed new causes of action fail to state a claim upon which relief may be granted.

## II.    Analysis

### A.    Motion to Amend

In seeking to amend their Complaint, Plaintiffs rely on Rule 15(a)(2), which provides that when a party moves to amend, "the court should freely give leave when justice so requires." However, as the Court of Appeals for the Third Circuit has held, a party seeking to amend after the deadline in a case management order is required to meet the good cause standard of Federal Rule of Civil Procedure 16(b)(4), not the more liberal standard of Rule 15(a)(2). *See Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

Plaintiffs did not seek to amend until August 31, 2022, which was after the August 15, 2022 deadline established in the Case Management Order. Plaintiffs argue that they did not learn until the mediation on August 23, 2022 that Allstate claims that the policy only provides $20,000 of insurance coverage. Thus, they now contend that Gettemy misled them to believe that they had coverage in the amount of $200,000, which would have exceeded the actual value of the motor home of $100,000. (ECF No. 38 ¶¶ 5, 10.) The difficulty with this argument, as Allstate notes, is that Plaintiffs attached to the original Complaint the declarations page of the policy, which stated that they had "motor home comprehensive insurance" in an amount of "actual cash value up to: $20,000." (ECF No. 1 Ex. A at 17.) Thus, the declarations page of the policy, which Plaintiffs possessed prior to the filing of the Complaint, expressly states the amount of the policy limits. To the extent that Gettemy represented otherwise, Plaintiffs knew or reasonably should

have known that this was a misrepresentation at some point before the Complaint was filed.[2] Plaintiffs did not assert a claim against Gettemy when they commenced this action, however, and did not seek to add him as a defendant until over a year later.

Plaintiffs also acknowledge that Paragraph 16 of the parties' Rule 26(f) Report (ECF No. 28), which was filed on June 20, 2022, states that the policy's comprehensive coverage is limited to "$20,000 in comprehensive insurance and $5,000 in contents coverage." Nonetheless, they assert, "this document was drafted by counsel for the Defendant and was misread by counsel for the Plaintiff prior to its submission." (ECF No. 38 ¶ 9.) They offer no support for the implication that a failure to properly review a jointly filed document excuses a party from notice and knowledge of its contents. Thus, they have not demonstrated good cause for their delay in requesting amendment.

In addition, because Plaintiffs move to join an additional defendant, they must meet the requirements of Rule 20, which provides that:

Persons … may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Plaintiffs have neither argued nor demonstrated that their proposed claims against

---

[2] The Complaint did not cite the amount of coverage under the policy. Rather, it alleged that Plaintiffs suffered damages "in an amount in excess of $100,000.00, which represents the value of the Motor Home and the personal property contents that were destroyed." (ECF No. 1 Ex. A ¶ 18.)

4

Gettemy, which relate to his actions prior to or at the time the policy was issued to them, arise out of the same transaction or occurrence as those against Allstate. The claims against Allstate relate to its alleged breach of contract and bad faith in connection with its denial of coverage after the policy was issued and a claim was made. Notably, Plaintiffs do not allege in any of their claims that Allstate had any role in or responsibility for Gettemy's actions or that Allstate's alleged conduct is somehow tied to Gettemy's representations or conduct when he secured the policy for Plaintiffs. The sole count in the proposed amended complaint that is asserted against both parties is a claim for fraudulent concealment. However, it is evident from a reading of this count that there are no common questions of fact, as the alleged concealment necessarily would have occurred at different times and under different circumstances. It is not the same transaction or occurrence or the same set of transactions or occurrences. Gettemy's alleged concealment occurred prior to the issuance of the policy; Allstate's conduct is alleged to have occurred after Plaintiffs made a claim under the policy and is stated to have been through "other[unnamed] agents of Allstate." (ECF 38 Ex. A ¶ 119.) *See Chen v. Shan Qiao Zhang*, 2011 WL 612727, at *3 (E.D. Pa. Feb. 10, 2011) (refusing to join breach of contract claim against plaintiff's own insurer with negligence claims against plaintiff's neighbor for allegedly causing fire that resulted in property damage). *See also Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840 (3d Cir. 2014) (when plaintiffs sued insurer for breach of contract and bad faith, district court did not abuse its discretion in denying motion to add negligence claim against company that later installed an underlayment to the roof because the claims were "notably distinct in both time and subject matter.")

Thus, Plaintiffs have not met the good cause standard. Even if they had done so, however, because their motion seeks to add a non-diverse party, other factors must be considered

5

in deciding their motion to amend.

B. <u>Joinder of a Non-Diverse Party</u>

Federal law provides that:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). *See also* 28 U.S.C. § 1367(b) (in diversity cases, courts may not exercise supplemental jurisdiction over parties joined under Rule 20 when doing so "would be inconsistent with the jurisdictional requirements of section 1332.")

Recently, the Court of Appeals approvingly cited the Fifth Circuit's decision in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), which listed four factors a court should consider when faced with a motion to add a non-diverse party: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *See Avenatti v. Fox News Network LLC*, 41 F.4th 125, 129, 135 (3d Cir. 2022).[3] Other courts have adopted these factors as well. *See also Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).

Plaintiffs are all citizens of Pennsylvania, while Allstate is an Illinois corporation with a principal place of business in Northbrook, Illinois. (ECF No. 1, Notice of Removal ¶ 2.) Thus,

---

[3] In *Avenatti*, the plaintiff amended his complaint as of right immediately after removal and added a non-diverse defendant, thereby technically avoiding application of § 1447(e). The district court nevertheless applied the *Hensgens* factors and used its discretion under Rule 21 to drop this defendant and restore complete diversity. The Court of Appeals approved of this approach as well as its result.

when Allstate removed this action, complete diversity of citizenship existed and removal was proper.

Gettemy is also a Pennsylvania citizen. (ECF No. 38 Ex. A ¶ 5.) Thus, if he was added as a defendant, complete diversity would no longer exist,[4] requiring remand to the Court of Common Pleas of Lawrence County.

Allstate contends that Plaintiffs have failed to demonstrate that the *Hensgens* factors weigh in favor of allowing amendment and remand. Plaintiffs have not directly addressed these factors but have argued generally that amendment should be permitted. Each of these factors will be addressed.

      1.  <u>Motive for Joinder</u>

Allstate argues that Plaintiffs' attempt to join Gettemy "appears to be a thinly veiled effort to defeat federal jurisdiction" (ECF No. 40 at 3). "When a plaintiff seeks to join a new defendant, and when the plaintiff was aware of the identity of that new defendant at the time of the filing of the original complaint, there arises some suspicion of plaintiff's motion to amend." *Friesland Farms, LLC v. Big Sky Wind, LLC*, 2010 WL 11553153, at *3 (C.D. Ill. Dec. 13, 2010). *See also Tomlinson v. Allstate Indem. Co.*, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) ("When courts analyze the first *Hensgens* factor, they consider whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed.") (citation omitted). They note that Plaintiffs unquestionably were aware of Gettemy's identity at the time of the filing of the original Complaint, as it was provided on the declarations

---

[4] The proposed Amended Complaint alleges that the Court would have subject matter jurisdiction even after amendment. (*Id.* ¶ 6.) However, during a telephone conference on September 23, 2022, Plaintiffs' counsel acknowledged that adding Gettemy would destroy diversity.

page of the policy attached to the Complaint.

The Court cannot and does not conclude that Plaintiffs sought to destroy diversity by seeking to join Gettemy as a defendant. Rather, Plaintiffs assert they did not know that the policy provided only $20,000 of insurance coverage and now that they are aware of this fact, they wish to assert claims against Gettemy for misleading them about the amount of coverage. Although this does not weigh against permitting amendment, it tends to demonstrate that Plaintiffs were dilatory in filing the motion to add Gettemy, as explained below.

2.  Dilatoriness

On the issue of timing, Plaintiffs argue that they did not learn until the mediation on August 23, 2022 that the policy only provided $20,000 of insurance coverage. Thus, they now contend that Gettemy misled them to believe that they had coverage in the amount of $200,000. (ECF No. 38 ¶¶ 5, 10.) However, this information was known or knowable well before the mediation. The declarations page of the policy attached to the Complaint, which was filed in state court in July 2021, expressly states that they had "motor home comprehensive insurance" of up to $20,000. (ECF No. 1 Ex. A at 17.) Further, the jointly filed Rule 26(f) Report submitted in June of 2022 also states that the comprehensive coverage is limited to $20,000.

Thus, Plaintiffs offer no support for an implication that their failure to review the declarations page or the Rule 26(f) Report excuses them from knowledge of the content of these documents.[5]

_____

[5] Plaintiffs also argue that the fact that Allstate removed the case from state court "furthered Plaintiffs' belief that the available insurance coverage exceeded the value of the motorhome and was not limited to $20,000 as now asserted by Defendant." (*Id.* ¶ 8.) However, the notice of removal did not provide the amount of coverage, but rather asserted that the value of all the claims asserted in the Complaint (negligence, breach of contract, unfair trade practices and bad

As such, it is appropriate to conclude that Plaintiffs knew or reasonably should have known that the amount of coverage available under the policy was $20,000 before they commenced this action. Therefore, assuming that Gettemy represented that the coverage was $200,000, they knew or reasonably should have known at the time the Complaint was filed that this was a misrepresentation.

Moreover, even if measured from the date of the filing of the Rule 26(f) Report, Plaintiffs waited over two months before moving to amend, which courts have found to be excessive. *See Whittaker v. Auto-Owners Ins. Co.*, 2021 WL 3629729, at *3 (M.D. Ga. May 4, 2021) (plaintiffs could not reasonably argue that they did not know of their potential claims against the non-diverse defendants when they filed the complaint); *Arnold v. Chesapeake Energy Corp.*, 2015 WL 13574300, at *3 (N.D. Tex. Nov. 4, 2015) (plaintiffs should have known about a potential defendant, but waited more than two months to investigate); *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (motion to amend filed two months after state court action was filed and thirty days after removal when plaintiff had ample information about adjustor's identity and involvement in handling the insurance claim was dilatory). *See also Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court appropriately denied motion to amend when allegedly "new" facts had been available to plaintiff even before the first amendment to his complaint). Thus, this factor weighs against allowing

---

faith including punitive damages) exceeded the sum of $75,000. Amount in controversy is determined based on a "reasonable reading of the value of the rights being litigated" as alleged in the complaint at the time of removal. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397 (3d Cir. 2016). In any event, the issue is not whether the amount in controversy was sufficient but whether Plaintiffs were dilatory in moving to amend.

amendment.

### 3. Significant Injury

Plaintiffs state that, if amendment is not allowed, "they would otherwise have to institute a separate legal action against these unnamed parties, thereby causing disjointed litigation which could hinder resolution of the claims." (ECF No. 38 ¶ 11.) However, they do not contend that they will be "significantly injured" if amendment is not allowed and many courts have held that the mere fact that plaintiffs would have to litigate in more than one forum is not a sufficient reason to permit amendment. *See Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 892 (S.D. Tex. 2010) (additional expense of parallel proceedings does not constitute "significant injury"); *Williamson v. Dillard's Inc.*, 2014 WL 12318792, at *5 (N.D. Ga. Aug. 25, 2014) (same).

Plaintiffs have not argued that including Gettemy as a defendant is necessary in order to obtain complete relief against Allstate. In addition, there is no risk of inconsistent rulings, because the claims against Gettemy are distinct from the claims against Allstate. Indeed, the proceedings cannot even be designated as "parallel." Plaintiffs' claims against Allstate relate to Allstate's actions after they sought coverage under the policy, while the proposed claims against Gettemy relate to his actions and omissions when he sold the policy to them. Thus, this factor weighs against allowing amendment.

### 4. Other Equitable Factors

"In balancing the equities, the parties do not start out on an equal footing. This is because of the diverse defendant's right to choose between a state or federal forum. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Sexton v. G & K Servs., Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). "Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion

to amend under Rule 15 of the Federal Rules of Civil Procedure and should deny leave to amend unless strong equities support the amendment." *Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1356-57 (S.D. Fla. 2013) (citations omitted). *See also Avenatti*, 41 F.4th at 133 ("Once jurisdiction has vested in a federal court—which it did here upon removal from state court— careful scrutiny should be applied to any post-removal events threatening to wrench that jurisdiction away.")

In this case, Allstate properly removed the action from state court on the basis of diversity jurisdiction and its decision to do so is entitled to deference. In addition, as Allstate argues, it would be prejudiced by allowing amendment after having litigated this case in federal court for more than a year. "A court may consider judicial efficiency and economy, in additional to other any equitable factors, when assessing the fourth factor." *31-01 Broadway Assocs., LLC v. Travelers Cas. & Sur. Co.*, 2019 WL 5061320, at *6 (D.N.J. Oct. 10, 2019) (citation omitted). These equitable factors weigh in favor of denying amendment.

In conclusion, the Court concludes that consideration of the appropriate factors weighs against allowing amendment to include Gettemy, a non-diverse defendant.

C. <u>Futility</u>

Allstate also argues that allowing Plaintiffs to amend their complaint to add Counts IX and X would be futile. Plaintiffs have not addressed these arguments.

Proposed Count IX adds a claim of fraudulent concealment. As it relates to Allstate, Plaintiffs claim that unnamed representatives of Allstate made misrepresentations *"following* the loss of their motor home" that they had coverage that exceeded the value of their motor home. (ECF No. 138 Ex. A ¶ 119.) They further claim that had they known this fact, they would not have purchased the policy or paid the premiums. (*Id.* ¶ 122.)  As Allstate correctly contends,

11

these allegations cannot be reconciled with the fact that Plaintiffs received a declarations page stating that they had $20,000 in comprehensive coverage. Moreover, Allstate is alleged to have denied coverage under the policy; it is not alleged to have had any role in the issuance of the policy or the selection of the amount of coverage secured. Thus, even if unnamed representatives of Allstate concealed the actual amount of coverage when Plaintiffs made a claim, this could have no possible bearing on Plaintiffs' previous decision to purchase the policy or Allstate's denial of coverage. Thus, whether the policy afforded coverage of $20,000 or $200,000 is irrelevant as it relates to Allstate,  and any misrepresentation made by a representative of Allstate about the policy limits, even if assumed to be true, cannot form the basis for a claim of fraudulent misrepresentation against Allstate.

In Count X, Plaintiffs propose to add a claim for breach of the covenant of good faith and fair dealing. Allstate correctly notes that there is no such independent claim for relief under Pennsylvania law. *See Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 400 (E.D. Pa. 2002) ("Pennsylvania law does not recognize a separate claim for breach of implied covenant of good faith and fair dealing."); *Meyer v. Cuna Mut. Grp.*, 2007 WL 2907276, at *14 (W.D. Pa. Sept. 28, 2007) (same), *aff'd sub nom. Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154 (3d Cir. 2011). Thus, Count X does not state a claim upon which relief may be granted.

For these reasons, it would be futile to allow Plaintiffs to amend their Complaint in order to add Counts IX and X.

## III.   <u>Conclusion</u>

For these reasons, Plaintiffs' Motion for Leave to Amend the Complaint and Join Additional Party (ECF No. 38) will be denied.

An appropriate order will follow.


Dated: October 19, 2022                          BY THE COURT:


                                                 s/ Patricia L Dodge
                                                 PATRICIA L. DODGE
                                                 United States Magistrate Judge